UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHARLES ANTHONY BROWN,

      Petitioner,

v.                                                                          Case No. 3:22-CV-11156

MICHELLE FLOYD,

      Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Charles Anthony Brown, presently on parole supervision with the Michigan Department of Corrections, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for felon in possession of ammunition,[1] and being a fourth felony habitual offender.[2] For the reasons that follow, the petition will be denied.

## I. BACKGROUND

Petitioner was convicted following a jury trial in the Jackson County Circuit Court.

This court recites verbatim the Michigan Court of Appeals' factual summary of the case, since it is presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> On the evening of April 21, 2017, the complainant and her boyfriend smoked crack cocaine with Brown at his home. According to the complainant, after the three smoked crack cocaine together, Brown demanded that either the

---

[1] Mich. Comp. Laws § 750.224f(6).
[2] Mich. Comp. Laws § 769.12.

1

> complainant or the complainant's boyfriend leave his home to acquire a television for him. Brown stated that only one of them was permitted to leave the home, and the complainant testified that she was "scared" because Brown had a knife. The complainant's boyfriend agreed to leave the home to obtain the television. According to the complainant, after her boyfriend left, Brown barricaded the door in order to prevent her from leaving.
>
> The complainant's boyfriend contacted law enforcement and reported that Brown was holding the complainant hostage. In the early morning hours of April 22, 2017, law enforcement arrived at the scene, and Brown was arrested. During a search of Brown's home, a revolver was located on the roof and ammunition was located inside of the home. Brown was charged with one count of unlawful imprisonment, MCL 750.349b; one count of felon in possession of ammunition; and one count of felonious assault, MCL 750.82.
>
> During trial, the complainant and her boyfriend were impeached with their prior inconsistent statements, and several times indicated that they could not remember certain details of the incident in question. Officer Michael Galbreath testified that, although ammunition was located in Brown's home, the revolver was inoperable. Officer Galbreath also testified that the ammunition that was recovered was not compatible with the revolver. Brown testified in his own defense and denied that he held the complainant against her will or that he threatened anyone with a knife. Brown admitted that he was aware that ammunition was present in his home.
>
> Ultimately, the jury returned verdicts of not guilty of unlawful imprisonment and of guilty of felon in possession of ammunition. The jury was unable to reach a verdict on the felonious assault charge. Brown was sentenced to a term of imprisonment, and this appeal followed.

*People v. Brown*, No. 346844, 2020 WL 1968646, at * 1 (Mich. Ct. App. Apr. 23, 2020).

Petitioner's conviction was affirmed on appeal, although the case was remanded for re-sentencing. *Id., lv. to appeal denied* 947 N.W. 2d 796 (Mich. 2020).

Petitioner filed a post-conviction motion for relief from judgment, where he apparently raised the sufficiency of evidence claim that he raises in his petition. Respondent cannot find a copy of the motion in the court file or the opinion denying the

motion, but does not dispute the fact that this motion was filed. The motion was denied on May 27, 2020.

Petitioner, in fact, filed a second motion for relief from judgment that was denied pursuant to M.C.R. 6.502(G), which bars the filing of successive motions for relief from judgment unless the motion raises a claim based upon newly discovered evidence or a retroactive change in the law. *People v. Brown,* No. 17-004902-FH (Jackson Cty. Cir. Ct., Oct. 7, 2020)(ECF No. 1, PageID. 12-13). Within the order denying the successive motion, the judge mentioned that Petitioner previously filed a motion for relief from judgment, which had been denied on May 27, 2020. (*Id.*, PageID. 12). Petitioner appealed the court's decision. It is unclear whether he sought to appeal the denial of his first motion for relief from judgment, the second motion, or both. In his appeal, Petitioner argued that the judge erred in denying his motion for bond pending re-sentencing but also argued that the evidence was insufficient to convict. (ECF No. 13-18, PageID. 1174-86). The Michigan Court of Appeals dismissed the appeal on the ground that M.C.R. 6.502(G) bars appeals from successive motions for relief from judgment. *People v. Brown,* No. 355763 (Mich.Ct.App. Apr. 13, 2021)(ECF No. 13-18, PageID. 1165); *reconsideration den*. No. 355763 (Mich.Ct.App. May 18, 2021)(ECF No. 13-18, PageID. 1148). It does not appear, either from a review of the Rule 5 materials, or from Westlaw, that Petitioner appealed this decision to the Michigan Supreme Court. In fact, the Jackson County Prosecutor, in their answer to a subsequent appeal filed by Petitioner, indicated that Petitioner did not seek leave to appeal with the Michigan Supreme Court. (ECF No. 13-21, PageID. 1471).

Petitioner was re-sentenced on October 7, 2020. Petitioner made a motion to be released on bond because of the COVID epidemic, which was denied. (ECF No. 13-19, PageID. 1288-89). Petitioner appealed the judge's decision to deny bond, which was denied. *People v. Brown,* No. 356979 (Mich.Ct.App. June 9, 2021)(ECF No. 13-19, PageID. 1280); *lv. to appeal denied* 966 N.W. 2d 387 (Mich. 2021).

Petitioner seeks a writ of habeas corpus on the following ground:

I. Whether Petitioner is entitled to immediate discharge[] when [the] prosecutor never showed so much as a prima facie case, let alon[e] a plausible case via/ammo?

## II. STANDARD

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision

4

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. DISCUSSION

#### A. Sufficiency of Evidence Claim.

Petitioner argues that the evidence was insufficient to convict.

Respondent argues that the claim is procedurally defaulted because Petitioner never fully exhausted this claim by appealing the denial of the first post-conviction motion to the Michigan appellate courts. Respondent further argues that since M.C.R. 6.502(G) prohibits Petitioner from filing a successive motion, he no longer has an available state court remedy to exhaust the claim, hence, the sufficiency of evidence claim is procedurally defaulted.

A habeas petitioner's failure to exhaust his state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). An unexhausted claim may be adjudicated by a federal court on habeas review if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F. 2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. §

5

2254(b)(2)(habeas petition may be denied on the merits despite the failure to exhaust state court remedies). Likewise, procedural default is not a jurisdictional bar to review of a habeas petition on the merits. See *Trest v. Cain*, 522 U.S. 87, 89 (1997). "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir.2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.

Regardless of whether Petitioner's claim was properly exhausted and/or are procedurally defaulted, it fails on the merits.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. See *Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012).

The elements of the related offense of felon in possession of a firearm in Michigan are: (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines. See *Parker v. Renico,* 506 F. 3d 444, 448 (6th Cir. 2007). "The elements of felon in possession of ammunition and felon in possession of a firearm are identical, except that the object possessed is ammunition rather than a firearm." *People v. Howard*, No. 349016, 2020 WL 4726550, at * 4 (Mich. Ct. App. Aug. 13, 2020). Thus, "a defendant is guilty of felon in possession of ammunition when he possessed ammunition before his right to do so was formally restored." *Id.*

Under Michigan law, possession of a firearm (or ammunition) can be either actual or constructive. *See Parker v. Renico,* 506 F. 3d at 448 (citing *People v. Hill*, 433 Mich. 464; 446 N.W.2d 140, 143 (1989)). Under both federal and Michigan law, "a person has constructive possession if there is proximity to the [weapon] together with indicia of control." *Id.* "Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Parker,* 506 F. 3d at 448, n. 3 (quoting *Hill,* 446 N.W. at 143). "As applied, 'reasonable access' is best calibrated to instances where a defendant commits a crime emboldened by a firearm available, but not in hand." *Id.* The Sixth Circuit notes that "[c]onstructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Id.* at 449 *(*quoting *United States v. Craven*, 478 F. 2d 1329, 1333 (6th Cir. 1973), *abrogated on other grounds by Scarborough v. United States*, 431 U.S. 563 (1977)).

Petitioner does not argue that he was never previously convicted of a felony or that his right to possess ammunition had been formally restored. Instead, Petitioner argues that he did not "possess" any of the ammunition found in his apartment.

The evidence established that that the police found ammunition in Petitioner's apartment on top of a table in the kitchen, on the floor, and in a cupboard above the refrigerator. (ECF No. 13-11, PageID. 388, 390-91). Petitioner had previously been convicted of a felony. (*Id.,* PageID. 392). Petitioner himself at trial admitted that he affirmatively took some ammunition from his nephew and was holding onto it for him. Petitioner testified that about four or five days earlier, his nephew, who was intoxicated

8

at the time, was carrying a gun/pistol. Petitioner asked his nephew (for his own safety) to leave the gun with him and, when his nephew refused, told him to leave the magazine. Petitioner testified that he took the magazine containing the ammunition and his nephew said that he would be back for it the next day, but he never showed up. Petitioner said that it "slipped his mind" that he had the ammunition.  Petitioner conceded that he knew the ammunition was at his apartment. (*Id.*, PageID. 425-27).

The fact that the ammunition was found in Petitioner's apartment, combined with Petitioner's testimony "regarding his involvement in placing the ammunition in the house and holding it for someone else, is sufficient to support a jury finding of constructive possession." *United States v. Crumpton*, 824 F.3d 593, 609 (6th Cir. 2016).  The state courts reasonably rejected Petitioner's sufficiency of evidence claim.

### B.  A Certificate of Appealability.

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a court may not conduct a full merits review,

9

but must limit its examination to a threshold inquiry into the underlying merits of the claim. *Id.* at 336–37.

Having considered the matter, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claim. Accordingly, the court will deny Petitioner a certificate of appealability.

## IV. CONCLUSION

IT IS ORDERED that Charles Anthony Brown's petition for writ of habeas corpus (ECF 1) is DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

    s/Robert H. Cleland        /
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 12, 2023, by electronic and/or ordinary mail.

    s/Kim Grimes
    Deputy Clerk

Dated:  June 12, 2023

S:\Cleland\Cleland\CHD\2254\22-11156.BROWN.habeas.db.chd.docx